UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHSEN IBRAHIM, <br><br> Plaintiff, <br><br> v. <br><br> MARCO A. RUBIO, <br><br> Defendant. | Civil Action No. 24-2915 (TNM) |

## **ANSWER TO COMPLAINT**

Defendant Marco A. Rubio, in his official capacity as Secretary of State, U.S. Department of State ("Defendant" or the "Department"), by and through the undersigned counsel, hereby respectfully submits his answer and defenses to Plaintiff Mohsen Ibrahim's Complaint (ECF No. 1).

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer. Defendant responds to the Complaint's numbered paragraphs as follows:

## RESPONSES TO THE NUMBERED PARAGRAPHS

### I. INTRODUCTION

1.      The first paragraph of Plaintiff's Complaint contains Plaintiff's characterization of the lawsuit and conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies any allegations of wrongdoing.

2.      The second paragraph of Plaintiff's Complaint contains Plaintiff's characterization of the lawsuit and conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies any allegations of wrongdoing.

### II. JURISDICTION AND VENUE

3.      This paragraph contains legal conclusions, to which no response is required.  To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and that venue is proper in this District.

4.      This paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and that venue is proper in this District.

### III. PARTIES

5.      Defendant admits that Plaintiff is a U.S. citizen of Middle Eastern race and Egyptian national origin, born in January 1960, and at all relevant times was an employee of the Department stationed at the U.S. Embassy in Cairo, Egypt.

6.      Defendant admits that Antony Blinken was the Secretary of the U.S. Department of State during the time in question and was sued in his official capacity.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      Defendant admits the allegations in this paragraph.

8.     Defendant admits the allegations in this paragraph.

9.     Defendant admits the allegations in this paragraph.

## V. FACTUAL ALLEGATIONS

10.     Defendant admits the Plaintiff worked at the Department for 38 years in various roles within the local guard force (LGF) at the U.S. Embassy in Cairo but denies the characterization of his service.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the quality of Plaintiff's performance reviews or the other allegations in this paragraph.  Defendant denies the Plaintiff's well-documented performance issues were in any way related to his participation in protected activity.

12.     Defendant denies the allegations in this paragraph.

13.     Defendant lacks knowledge or information sufficient to form a belief as to whether the Plaintiff told Paul Brown, the Regional Security officer (RSO) that he suffered discrimination based on race, national origin and age, and denies that he suffered any unlawful discrimination. The Defendant admits that Plaintiff initiated the EEO process.

14.     Defendant admits Plaintiff contends that he was not hired for a LGF Deputy position because of his age but denies that was the reason and denies any unlawful discrimination.

15.     Defendant admits the Plaintiff was ordered to relocate and was later recommended for suspension by Agent Timothy Carnes for careless workmanship, being absent without leave, repeated incidents of insubordination toward his immediate supervisor, forging a leave slip, and misrepresentation of information.  Defendant denies the allegations that these actions were in any way related to Plaintiff's protected EEO activity or motivated by any unlawful discrimination.

16.     Defendant admits the facts in this paragraph.

17. Information in the paragraph constitutes the Plaintiff's stated characterization of the lawsuit to which no response is required. To the extent a response is deemed required, Defendant denies that the allegations were false.

18. Defendant denies the allegations in this paragraph.

19. Defendant admits the Plaintiff was informed he would not be considered for any promotions for a year after his suspension. Defendant denies the remaining allegations of this paragraph.

20. Defendant admits the Plaintiff appealed the suspension on May 22, 2019, but denies that his appeal was not granted a fair and impartial review. Defendant also objects to the Plaintiff's characterization of the denial of his appeal as in any way connected to the Plaintiff's participation in EEO activity.

21. Defendant admits the investigation into the Plaintiff's conduct but denies that it was pretextual or was in any way unlawful.

22. Defendant admits that Agent Brinker oversaw the investigation and denies any allegation of discrimination and or that the investigation was not impartial.

23. Defendant denies the allegations in this paragraph.

24. Defendant admits Brinker suspended Plaintiff's security certification, but denies the decision was based on unsubstantiated claims or pressure from management or that it was in any way unlawful.

25. Defendant admits the information in this paragraph.

26. Defendant admits the Plaintiff was informed of the Department's intention to terminate his employment based on the previously mentioned investigation but denies the

4

Plaintiff's characterization of the investigation as pretextual and anything but thorough and impartial.

27.     Defendant denies the allegations in this paragraph.

28.     Defendant denies the allegations in this paragraph.

29.     Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations contained in this paragraph.  Defendant further denies any allegations of wrongdoing.

30.     Defendant admits Plaintiff was officially terminated October 31, 2019.

31.     Defendant is not required to answer the allegations in this paragraph and subparagraphs a-d as Plaintiff's allegations of a hostile work environment have been dismissed by the Court.  Defendant nonetheless denies the allegations.

32.     Defendant denies the allegations contained in this paragraph.

33.     Defendant denies the allegations in this paragraph.  Defendant's actions were compelled by Plaintiff's egregious conduct at work without any consideration to the Plaintiff's race, national origin, or age.

34.     Defendant denies the allegations in this paragraph.  There were no other similarly situated employees with similar conduct issues, in or out of Plaintiff's protected classes.

35.     Defendant denies any deviation from established policies and procedures in the handling the Plaintiff's disciplinary actions.

## VI. CAUSES OF ACTION

### COUNT I:  Discrimination Based on Race And National Origin in Violation of Title VII

36.     Defendant repeats its responses to paragraphs 1-35 above as though fully set forth herein.

37. Defendant denies the allegations of this paragraph that any disciplinary actions taken against the Plaintiff were in any way tied to his race or national origin and states that they were instead based on his poor conduct at work and evidence of malfeasance.

38. Defendant denies the allegations of this paragraph.

39. Defendant denies the allegations of this paragraph.

### COUNT II:  Retaliation in Violation of Title VII

40. Defendant admits the Plaintiff engaged in EEO activity but denies any unlawful discrimination.

41. Defendant denies the allegations of this paragraph that Defendant retaliated against the Plaintiff for protected activity and objects to the characterization of the investigation into Plaintiff's conduct.  Defendant admits the findings of the investigation led to the Plaintiff's subsequent disciplinary actions, administrative leave, and ultimate termination, but denies that the investigation was biased or improper, or that any disciplinary actions were unwarranted.

42. Defendant denies the allegations in this paragraph.

43. Defendant denies the allegations in this paragraph and that Plaintiff suffered any damages.

### COUNT III:  Hostile Work Environment in Violation of Title VII

44. Plaintiff's hostile work environment claim has been dismissed by the Court. Defendant nonetheless denies the allegations.

45. Plaintiff's hostile work environment claim has been dismissed by the Court. Defendant nonetheless denies the allegations.

46. Plaintiff's hostile work environment claim has been dismissed by the Court. Defendant nonetheless denies the allegation.

**COUNT IV:  Age Discrimination in Violation of the ADEA**

47.     Defendant admits that the Plaintiff was born in January 1960 and is over the age of 40.

48.     Defendant denies the allegations in this paragraph.

49.     Defendant denies the allegations in this paragraph.

50.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

**VII.  PRAYER FOR RELIEF**

The remainder of Plaintiff's complaint contains his prayer for relief.  Defendant denies that Plaintiff is entitled to any of the relief and remedies requested or to any relief whatsoever.

**DEFENSES**

Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to the Complaint become known to the Defendant through the course of litigation.  Defendant reserves the right to assert affirmatively any other defense that constitutes an avoidance or reaffirmance under Fed. Civ. P. 8(c).  Defendant asserts all applicable statutory limitations with respect to Plaintiff's damages claims.

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The actions of the Defendant were based upon legitimate reasons, managerial needs, and lawful principles of personnel management and Defendant's actions with respect to the claims in this case were fully compliant with the law and applicable regulations.

**THIRD DEFENSE**

Any actions taken by Defendant with respect to Plaintiff were taken for legitimate non-discriminatory reasons and Plaintiff cannot demonstrate pretext.

**FOURTH DEFENSE**

Plaintiff is not entitled to damages and failed to mitigate damages.

**FIFTH DEFENSE**

The Agency reserves the right to amend this Answer and to assert additional defenses that may be revealed during discovery.

Dated:  January 30, 2026
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:        */s/ Thomas W. Duffey*
      THOMAS W. DUFFEY
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-2510

*Attorneys for the United States of America*